IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

BONNIE LEE DWORAK,

        Plaintiff,

v.                                           Civil Action No. 3:15-cv-446–JAG

CAROLYN W. COLVIN,
*Commissioner of Social Security*,

        Defendant.

## OPINION

Bonnie Lee Dworak, the plaintiff, challenges the Social Security Administration ("SSA") Commissioner's final decision to deny her claim for disability benefits ("DIB"). The Magistrate Judge prepared a Report and Recommendation ("R&R") on the parties' cross-motions for summary judgment. The R&R recommended that the Court deny Dworak's motion, grant the Commissioner's motion, and affirm the final decision by the Commissioner. Dworak objects to the R&R on two grounds. First, Dworak objects to the Magistrate Judge's finding that the Administrative Law Judge ("ALJ") correctly characterized her residual functional capacity ("RFC"), the most a claimant can do despite physical and mental limitations, in accordance with Fourth Circuit precedent. Second, she contends that the Magistrate Judge erred by concluding that the ALJ's hypothetical questions posed to the Vocational Expert ("VE") in step five of the analysis correctly incorporated all the limitations of Dworak's RFC. Because the ALJ applied the correct legal standard and substantial evidence supports his factual findings, this Court adopts the R&R and overrules Dworak's objections.

# I. BACKGROUND

The SSA initially denied Dworak's claim for DIB and again denied her request upon reconsideration. She filed a written request for a hearing before an ALJ. At the hearing, the ALJ denied her claim, concluding that Dworak was not disabled because she could perform work that existed in significant numbers in the national economy. The SSA's Appeals Council rendered the ALJ's decision the final judgment of the SSA Commissioner by denying Dworak's request for review.

On January 15, 2016, Dworak filed a complaint in this Court, contesting the Commissioner's decision under 42 U.S.C. § 405(g). Both parties filed motions for summary judgment. Upon review, the Magistrate Judge concluded in his R&R that this Court should deny Dworak's motion and grant the Commissioner's motion because substantial evidence supports the ALJ's formulation of Dworak's RFC.

# II. DISCUSSION[1]

## A. *The ALJ Properly Evaluated Dworak's RFC.*

Dworak objects that the ALJ's assessment of her RFC did not account for her moderate difficulties in concentration, persistence, or pace.[2] Dworak argues that the ALJ only accounted

---

[1] This Court reviews *de novo* any part of the Magistrate Judge's R&R to which a party has properly objected. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). A reviewing court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommended disposition. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). A court "will affirm the Social Security Administration's disability determination 'when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence.'" *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015) (internal citation omitted).

[2] "Determination of eligibility for social security benefits involves a five-step inquiry." *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002). At the first step, the claimant must demonstrate that she is not engaged in substantial gainful activity at the time of application. 20 C.F.R. § 404.1520(b). Second, the claimant must prove that she has "a severe impairment . . . or combination of impairments which significantly limit[] [her] physical or mental ability to do basic work activities." *Id.* § 404.1520(c). Third, if the impairment matches one of the impairments listed in the Social Security Act, and the impairment lasts—or is expected to last—

for her ability to function socially and not her ability to stay on task, rendering the ALJ's determination of her RFC incorrect based on Fourth Circuit case law. Because Dworak misinterprets Fourth Circuit case law, the Court rejects her argument that the ALJ erred in his assessment of her RFC.

In *Mascio*, the Fourth Circuit clarified that the ALJ must account for both the ability to perform simple tasks and the ability to stay on task. 780 F.3d at 638. The court remanded the case to the ALJ to explain why the claimant's moderate limitation in concentration, persistence, or pace at step three of the five-step analysis did not result in a limitation in the claimant's RFC. *Id.* In other words, "[p]ursuant to *Mascio*, once an ALJ has made a step three finding that a claimant suffers from moderate difficulties in concentration, persistence, or pace, the ALJ must either include a corresponding limitation in her RFC assessment, or explain why no such limitation is necessary." *Talmo v. Comm'r, Soc. Sec.*, Civil Case No. 14-2214, 2015 WL 2395108, at *3 (D. Md. May 19, 2015), *report and recommendation adopted* (D. Md. June 5, 2015).

In this case, the ALJ met the *Mascio* standard, as he included additional limitations to Dworak's RFC that addressed her difficulties staying on task. These limitations included moderate difficulties regarding concentration, persistence, or pace. Specifically, the ALJ noted that her limitations were that "she [could] understand, remember, and carry out short, simple instructions." (R. at 15.) Moreover, the ALJ concluded that another limitation was that she

---

for at least twelve months, then it constitutes a qualifying impairment and the analysis ends. *Id.* § 404.1520(d); *see also* 20 C.F.R. pt. 404 subpart P app. 1 (listing impairments). Fourth, if the impairment does not meet one of those listed, the ALJ must compare the claimant's RFC with the "physical and mental demands of [the claimant's] past relevant work." *Id.* § 404.1520(f). If the claimant can perform the work, the ALJ will deny benefits. Fifth, if the claimant cannot perform past relevant work, the Commissioner must show that the claimant is capable of performing work that is available in significant numbers in the national economy. *Id.* § 404.1520(g)(1).

could only "occasionally be in contact with supervisors, co-workers and the public." (*Id.*) Describing the instructions she can follow as short and simple highlights Dworak's pace limitations, while the note that she may have only occasional contact with others underscores her moderate limitations on concentration and persistence. *See Hillard v. Colvin*, No. CV ADC-15-1442, 2016 WL 3042954, at *6 (D. Md. May 26, 2016). Unlike *Mascio*, where the ALJ merely characterized the plaintiff's RFC as limited to simple, routine tasks, the ALJ in this case specifically addressed the plaintiff's ability to stay on task by limiting the amount of contact she could have with coworkers and supervisors. The ALJ, therefore, correctly accounted for Dworak's limitations—including moderate difficulties regarding concentration, persistence, and pace—in his RFC analysis.

### B. The ALJ Properly Incorporated Dworak's Limitations in His Questions to the VE.

The Court also rejects Dworak's argument that the ALJ failed to incorporate adequately her limitations regarding concentration, persistence, and pace into hypothetical questions posed to the VE. Contrary to Dworak's claims, the ALJ's fourth hypothetical question to the VE addressed Dworak's ability to stay on task, recognizing that Dworak could only "understand, remember and carry out short, simple instructions" and must only "have occasional contact with supervisors, co-workers and the public." (R. at 52.) The Magistrate Judge correctly concluded that including such limitations in hypotheticals to the VE accounted both for Dworak's ability to stay on task and her moderate difficulties in social functioning. *See Hillard*, 2016 WL 3042954, at *6. Thus, the Magistrate Judge correctly concluded that the ALJ properly performed step five of the analysis because the ALJ incorporated Dworak's concentration, persistence, and pace limitations into his hypotheticals to the VE.

## III. CONCLUSION

The Court overrules Dworak's objections to the R&R, grants the Commissioner's motion for summary judgment, and denies Dworak's motion for summary judgment. Accordingly, the Court adopts the R&R of the Magistrate Judge.

An appropriate Order will accompany this Opinion.

Let the Clerk send a copy of this Order to all counsel of record.

Date: July 29, 2016
Richmond, VA

/s/
John A. Gibney, Jr.
United States District Judge